UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **GREGORY K. RITCHIE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) No. 1:06CV00006 ERW |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gregory K. Ritchie to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On August 25, 2003, Ritchie pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United States v. Ritchie*, 1:03-cr-00088-ERW (E.D.Mo.) On November 19, 2003, the Court entered judgment, sentencing Ritchie to a term of 120 months of imprisonment and eight years of supervised release. *Id*. Ritchie did not appeal from the judgment of conviction.

### The motion

Ritchie seeks to vacate, set aside or correct his conviction and sentence on the grounds that 1) he was deprived of due process and his rights under the Sixth Amendment because the district court erroneously believed that the sentencing guidelines were mandatory; 2) the United States Supreme Court's decision in *United States v. Booker*, 125 U.S. 738 (2005), is retroactively applicable to him; 3) the sentencing error is structural; 4) the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is an unconstitutional restriction on his right to seek relief under 28 U.S.C. § 2255; and 5) the indictment in the underlying criminal case did not charge Ritchie with being a career

offender, but the Court made such determination and enhanced his sentence as a result of prior convictions.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the Ritchie is not entitled to relief.

As amended by the AEDPA, 28 U.S.C. § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. As noted above, the Court entered judgment on November 19, 2003; thus, Ritchie's conviction became final on or about December 4, 2003. *See* Fed. R. App. P. 4(b). Because Ritchie did not file a notice of appeal, his one-year limitations period began to run ninety days after December 4, 2003, or on or about March 3, 2004. *Cf. Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998). Accordingly, Ritchie had until March 3, 2005, to file his § 2255

motion. The instant motion, however, was filed on January 17, 2006, well after the running of the one-year limitations period. It is, therefore, time-barred.

Citing *Booker*, Ritchie apparently argues that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

This argument, however, is without merit. The Eighth Circuit has held that *Booker* does not apply retroactively on collateral review. *See Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). Every circuit court to consider whether *Booker* is retroactive has held that it is not. *Id*. at 783-84 (collecting cases).

Ritchie also asserts that the alleged sentencing error is structural. The United States Supreme Court has explained that structural errors will only be found "in a very limited class of cases." *Johnson v. United States*, 520 U.S. 461, 468-69 (1997) (citing examples of errors that are classified as structural). In *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005), the Eighth Circuit followed the First, Fifth and Eleventh Circuits in holding that "a remand for resentencing is not required unless the defendant meets his burden to demonstrate plain error prejudice under controlling Supreme Court precedents, that is, a 'reasonable probability' that the district court would have imposed a more favorable sentence under the advisory sentencing guidelines regime mandated by *Booker*." 406 F.3d at 546 (*citing, inter alia, United States v. Antonakopoulos*, 399 F.3d 68, 80 n.11 (1st Cir. 2005) ("Because sentencing under a mandatory system is not an error that 'undermines the fairness of a criminal proceeding as a whole,'...a *Booker* type error is not a structural error; the defendant must convince us of prejudice. Indeed, had the majority in *Booker* thought there was

structural error, it would have said so.")). Accordingly, the Court finds that Ritchie's assertion that the alleged sentencing error is structural is without merit.

Ritchie argues that the AEDPA is an unconstitutional limitation on the remedy available under § 2255. However, the Supreme Court's discussion of the writ and its acceptance of the AEDPA's amendments to § 2255 refute Ritchie's assertions. *See Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340 (1996); *see also Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Lastly, Ritchie argues that the indictment in the underlying criminal case did not charge him with being a career offender, but the Court made such determination and enhanced his sentence as a result of prior convictions. Liberally construing Ritchie's motion, it appears that he is challenging his sentence enhancement under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). However, the Supreme Court in *Apprendi* held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). Thus, Ritchie's argument is without merit because the Court, in *Apprendi*, specifically stated that prior convictions may be considered by the Court in enhancing a sentence, without being submitted to a jury and proved beyond a reasonable doubt.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] be **DISMISSED**, without prejudice, as time-barred.

An appropriate order shall accompany this memorandum and order.

So Ordered this 31st Day of January, 2006.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**